**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50145 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02824-H |
| v. | |
| ERVIN RONALDO MALDONADO-GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Ervin Ronaldo Maldonado-Gomez appeals from the district court's

judgment and challenges the 48-month sentence imposed following his guilty-plea

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Maldonado-Gomez first contends that the district court failed to calculate the Guildeline range correctly because it bypassed the issue of whether he was entitled to a minor role adjustment, and instead considered the minor role factors in its variance analysis. The record belies this argument. The court denied a minor role adjustment based on the facts of Maldonado-Gomez's case. The court's subsequent consideration of some of the facts asserted in support of the minor role adjustment to grant downward departures totally six levels was not improper. *See, e.g.*, *United States v. Ramos-Medina*, 706 F.3d 932, 941 (9th Cir. 2013) ("[A] court may consider acceptance of responsibility separately in imposing a sentence, even if the court determined that the defendant did not qualify for a formal adjustment on those grounds under the Guidelines.").

Maldonado-Gomez next contends that the court's minor role analysis was flawed because the court did not compare him to his co-participants in the offense and did not consider the five factors enumerated in the commentary to the minor role Guideline. However, the record demonstrates that the district court properly compared Maldonado-Gomez to his co-participants in the offense and considered the factors enumerated in the Guideline and the totality of the circumstances, to

16-50145

determine whether Maldonado-Gomez was "substantially less culpable than the average participant." *See* U.S.S.G. § 3B1.2 cmt. n.3(A), (C); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *see also Carty*, 520 F.3d at 992 (district judges are presumed to know the law and need not "tick off" all of the sentencing factors). Moreover, in light of the circumstances of the offense, the district court did not clearly err in concluding that Maldonado-Gomez was not a minor participant. *See Quintero-Leyva*, 823 F.3d at 523.

**AFFIRMED.**

16-50145